936 A.2d 1031 (2007)
397 N.J. Super. 257
Elena WEBER, Plaintiff-Appellant,
v.
MAYAN PALACE HOTEL & RESORTS and Bakal Restaurant, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued December 3, 2007.
Decided December 27, 2007.
*1032 Lane M. Ferdinand, Springfield, argued the cause for appellant.
Seth T. Taube, New York City, argued the cause for respondents (Baker Botts, L.L.P., attorneys; Mr. Taube and Maureen P. Reid, on the brief).
Before Judges WEISSBARD, S.L. REISNER and GILROY[1].
The opinion of the court was delivered by
S.L. REISNER, J.A.D.
Plaintiff Elena Weber appeals from a trial court order dated November 17, 2006, denying her motion to reinstate her complaint, and from a January 26, 2007 order denying her motion for reconsideration. We affirm the trial court orders, but modify them to provide that they are without prejudice to plaintiff's right to serve the defendant within thirty days of the date of this opinion and, within fourteen days thereafter, to file another motion to reinstate the complaint. In so holding, we conclude that a plaintiff may properly serve a defendant with a complaint that has been dismissed pursuant to Rule 1:13-7(a).

I
Plaintiff filed a complaint on December 16, 2004, alleging that on December 17, 2002, she slipped and fell in a restaurant located in the Mayan Palace Hotel and Resorts in Acapulco, Mexico. Her complaint was administratively dismissed without prejudice for lack of prosecution on July 15, 2005, pursuant to Rule 1:13-7(a).
On September 7, 2006, plaintiff filed a motion to reinstate the complaint.[2] The motion was supported by a certification from plaintiff's counsel, asserting that prior to the complaint being administratively dismissed he had been unable to locate defendants and therefore could not serve them. He attached documents purporting to show that in January 2005, he had attempted to serve the restaurant and the hotel at an address in Acapulco, but the certified mail was unclaimed. However, he attested that he eventually contacted the Mayan Resorts Customer Service phone number and was advised of a post office box to which he could send process. He contended that "on March 2006, defendants were served." He attached a copy of a certified letter addressed to "Mayan Palace Acapulco" at a post office box in Houston, Texas, together with a signed certified mail receipt. He also attached *1033 evidence that he had faxed a copy of the complaint to defendant.
A brief was filed in opposition to plaintiff's motion by "an affiliate of an improperly named defendant in this matter" for the limited purpose of disputing jurisdiction. Defendant's brief contended that plaintiff had attempted to serve the wrong defendant, that the hotel where plaintiff fell was owned by a Mexican corporation called Desarrollo Marina Vallarta, S.A. de C.V. (DMV) and was operated by a Mexican affiliate called Admivac S.A. de C.V. The brief also contended that Canamere, the entity plaintiff served by certified mail at the Texas post office box, was not the proper defendant, that plaintiff's delay in serving the complaint would prejudice the defense, and that the court lacked in personam jurisdiction over the Mexican corporations. The brief also contended that plaintiff failed to show good cause to reinstate the complaint, in that there was no explanation for the long delay in filing the motion to reinstate.
Notably, defendant's brief was not accompanied by any certification, affidavit, or other legally competent evidence to support the factual contentions made in the brief. Rather, the brief writer improperly attached various documents to the back of the brief without authenticating them. See Celino v. General Accident Ins., 211 N.J.Super. 538, 544, 512 A.2d 496 (App. Div.1986). On the other hand, plaintiff has not suggested that any of the attached documents were not authentic or that his client did not receive them.
The documents show that in connection with her Mexican vacation, plaintiff signed a series of documents, including a one-page "Mayan Palace Vacation Club Agreement for Biennial Lodging Rights and Service" which directed that monthly payments were to be sent to DMV at a post office box in Dallas, Texas. This document also listed at the bottom of the page an address for DMV at San Gabriel No 679-1 Col. Chapalita, Guadalajara 44790, Jalisco, Mexico. When we questioned him at oral argument, defense counsel agreed that DMV was the proper party defendant (without of course conceding jurisdiction or any other issue), and agreed that DMV's proper address for service of process was the Guadalajara address listed at the bottom of the one-page Agreement for Biennial Lodging Rights and Service.
A much more detailed agreement which plaintiff also signed specifically recited at paragraph 12 that the agreement was governed by the laws of Mexico, that jurisdiction over the enforcement of the agreement was with the courts of Guadalajara, Jalisco, Mexico, and that any cancellation notices from the customer should be sent to the Administrative Center at an address in Guadalajara that was different from that on the one-page agreement. The agreement was signed by plaintiff and by a representative of DMV. Another shorter agreement for an upgrade likewise indicated that it was an agreement between plaintiff and DMV.
By order of November 17, 2006, the trial judge denied the motion for failure to make proper service, concluding that plaintiff had not shown good cause for the delay in serving defendant, or for attempting to serve defendant at a post office box in Texas without legally competent proof of a diligent search for the correct defendant or its address. See R. 1:5-2. She also expressed doubt that it was proper to serve a complaint that had been dismissed and not reinstated.
Plaintiff filed a motion for reconsideration supported by a certification of counsel describing a sporadic series of efforts to locate and serve the correct defendant. The gist of the certification was that the Mayan Resorts organization had given *1034 counsel and his secretary the runaround when they made telephone inquiries as to the correct entity to serve and where to make service.
The trial judge denied plaintiff's reconsideration motion on January 26, 2007, concluding that the attorney's lack of diligence in attempting to find and serve defendant did not constitute good cause.
At oral argument of this matter, plaintiff's counsel conceded that his office was not "aggressive or effective" in trying to serve defendant, in part due to problems with office staff. Counsel contended, however, that defendant was placed on notice of the slip and fall incident soon after it occurred, because plaintiff filled out an incident report, which is in the record. There appears to be no dispute that she completed this form and submitted it to the hotel.

II
We review the trial court's decision on the reinstatement motion for abuse of discretion. Ghandi v. Cespedes, 390 N.J.Super. 193, 196, 915 A.2d 39 (App.Div. 2007). Following a dismissal for lack of prosecution, Rule 1:13-7(a) permits reinstatement of a complaint "on motion for good cause shown."
"Good cause" is an amorphous term, that is, it "is difficult of precise delineation. Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Rule 1:13-7(a) is an administrative rule "designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion." Dismissals under the rule are "without prejudice." R. 1:13-7(a). Accordingly, the right to "reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later."
. . . Notwithstanding the adoption of the good cause standard, we are satisfied that, absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under the rule should be viewed with great liberality. [Id. at 196-97, 915 A.2d 39 (citations omitted)]
See also James v. Bessemer Processing Co., 155 N.J. 279, 314-16, 714 A.2d 898 (1998); Rivera v. Atl. Coast Rehab. Center, 321 N.J.Super. 340, 346, 729 A.2d 42 (App. Div.1999).
Bearing in mind the rules concerning proper service of process, we find no abuse of discretion in the trial judge's conclusion that plaintiff did not show good cause for attempting to serve defendant at a post office box. Plaintiff counsel's certification does not amount to proof of diligent effort to locate the defendant or to make proper service. See R. 1:5-2; R. 1:5-3. On the other hand, we would be myopic if we did not recognize the difficulties plaintiffs face in attempting to identify and serve defendants located in foreign countries. In this case, while plaintiff or her attorney should have realized that her contract was with DMV, none of the papers she signed actually identified an address for service of process of lawsuits. Moreover, the address in Guadalajara given for service of cancellation notices was different from the address on the one-page Agreement, which defense counsel advised us was the proper address for service in this case. And the one-page agreement did list an address in Texas for making payments, leading to perhaps understandable confusion.
Moreover, none of the assertions in defendant's opposition papers in the trial court, concerning prejudice or any other issue, were supported by legally competent *1035 evidence. It is also difficult to fairly conclude on this record that even a diligent effort by plaintiff's counsel to locate and serve defendant would have been successful. On the other hand, even after defendant identified the proper entity and address for service, during the pendency of these proceedings, plaintiff's counsel did not attempt service. Hence, we are reluctant to simply order that the complaint be reinstated, in the hope that such an order will be followed by prompt service on the correct defendant.
Bearing in mind that Rule 1:13-7(a) should be construed so as to produce a just result and that the client should not be penalized for the attorney's lack of diligence, see Ghandi, supra, 390 N.J.Super. at 198, 915 A.2d 39, we conclude that plaintiff should have one final opportunity to serve the defendant now that defendant's counsel has confirmed the client's identity and proper address for service. Therefore, we affirm the trial court's orders, but without prejudice to plaintiff serving defendant DMV within thirty days of the date of this opinion. Under all the circumstances, we conclude that international overnight mail service to the address recited in this opinion, plus regular mail service, with a copy sent to defendant's counsel, will constitute acceptable service. Defense counsel shall notify plaintiff's counsel within one week as to whether they will accept service for their client and, if not, as to what method of overnight mail service will be delivered to their client in Mexico.
We also conclude that the complaint may properly be served before it is reinstated. We agree with the well-reasoned opinion of Judge Charles Walsh in Stanley v. Great Gorge Country Club, 353 N.J.Super. 475, 803 A.2d 181 (Law Div. 2002), holding that "a summons and complaint may be served after a R. 1:13-7(a) dismissal." Id. at 493, 803 A.2d 181. Indeed, where the complaint has been dismissed due to plaintiff's failure to serve the defendant, the purpose of Rule 1:13-7(a) is advanced where plaintiff successfully serves the defendant before filing a motion to reinstate the complaint. See Mason v. Nabisco Brands, 233 N.J.Super. 263, 267, 558 A.2d 851 (App.Div.1989) ("R. 1:13-7 is an administrative rule designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion.") The court can thus be assured, before granting the motion, that the defendant has been served and the case can proceed. We add only that if a plaintiff serves a defendant with a complaint that has been dismissed pursuant to Rule 1:13-7(a), the plaintiff must so notify the defendant when serving the complaint, and must promptly file a reinstatement motion. The defendant's time to answer will not begin to run until the complaint has been reinstated. See Stanley, supra, 353 N.J.Super. at 485, 803 A.2d 181.
Within fourteen days after making service on defendant DMV, plaintiff may file a motion to reinstate the complaint. Defendant of course may file opposition, and shall support any fact-based contentions including assertions of prejudice, with legally competent evidence. Defendant's time to answer, or to file a motion to dismiss, shall not begin to run until and unless the reinstatement motion is granted.
Finally, we express no view as to the merits of any defenses defendant may raise as to jurisdiction, prejudice due to delay, or any other issue. But, we emphasize that all factual contentions of either party must be supported by legally competent evidence. See Celino, supra, 211 N.J.Super. at 544, 512 A.2d 496.
Affirmed as modified.
NOTES
[1] Judge Gilroy did not participate in oral argument. However, with the consent of counsel he has joined in this opinion. R. 2:13-2(b).
[2] Plaintiff's counsel certified that he prepared the motion papers in June 2006, and believed that his secretary had filed the papers in that month, as she told him. This may have been a misrepresentation by the secretary, who departed abruptly thereafter.