> **NOT FOR PUBLICATION WITHOUT THE**
> **APPROVAL OF THE APPELLATE DIVISION**
>
> This opinion shall not "constitute precedent or be binding upon any court."
> Although it is posted on the internet, this opinion is binding only on the
> parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0764-14T2

MARK NEWTON, ANDREA NEWTON,
QADIR NEWTON and QAWI NEWTON,

    Plaintiffs-Appellants,

v.

CITY OF NEWARK, NEW JERSEY,

    Defendant-Respondent,

and

MAYOR COREY BOOKER, WESTWARD
COUNCILMAN RONALD RICE, JR.,
ANNETTE WILLIAMS NEWARK POLICE DEPT.
DIRECTOR, SAMUEL DIMEO, CHIEF SHEILAH
COLEY, CAPT. "DOE" CLARK, CAPT. SETEVEN
YABLONSKY, LT. FELIX COMLON, LT. CHARLES
ZISER, LT. STEVEN YURIK I.D. NO. 6480, LT.
WILLIAM MEHALARIS I.D. NO. 7131, LT.
CARLOS FIGUEROA I.D. NO. 6522, LT.
DARRYL MARTIN I.D. NO.7462, LT.
FREDDIE HILL, SGT. RAZOHN EURE, SGT.
"ROE" LOPEZ, SGT. FRANK ROSSI I.D. NO.
6627, SGT. ANTHONY GIBSON I.D. NO 7121,
SGT. JOAO CARVALHO I.D. NO. 9303, SGT.
"DOE" WHITTAKER, SGT. "DOE" PEREIRA,
SGT. SCOTT SAYRE, SGT. ELLEN MCMILLAN
I.D. NO. 6529, SGT. AL TARIQ DUNSTON,
MATTHEW MILTON I.D. NO. 7992, DET. KARIMA
HANNIBAL I.D. NO. 9058, DET. MIGUEL
SANABRIA, JR. I.D. NO. 8013, DET. "DOE"
MARQUES, DET. "DOE" WEBER, DET. MARK
OLMEDA I.D. NO. 8013, DET. MARK SUREZ,

DET. GERARD PIACENZA, DET. LARRY COLLINS,
DET. JOSE PEREZ, DET. ALOMA WRIGHT, P.O.
TIMOTHY HART, P.O. MARIBEL SANTIAGO I.D.
NO 9900, P.O. EDWIN GONZALEZ, P.O. DARELL
GRAHAM, P.O. GEORGE MENDEZ I.D. NO. 6490,
P.O. "DOE" BUMANLAG, P.O. CARLOS ORBE,
P.O. "DOE" FIGUEROA, P.O. "DOE" MARQUES,
P.O. "DOE" GONZALEZ, P.O. "DOE" ZAMORA,
P.O. TREMAYNE PHILLIPS, I.D. NO. 9891,
P.O. JOSEPH WATSON I.D. NO. 6497, P.O.
WILLIE WINNS I.D. NO. 7282, P.O. ANDREE
NELSON I.D. NO. 7266, P.O. "DOE"
HANCOCK I.D. NO. 7593, P.O. "DOE" RICH,
I.D. NO. 1382, P.O. "DOE" MURPHY, I.D. NO.
2310, THE NEWARK FIRE DEPT., CHIEF JAMES
STEWART, DEPT. OF NEIGHBORHOOD SERVS.,
DIV. OF CODE ENFORCEMENT EMPLOYEES, AMOS
CRUDUP, NORMAN DAIS, and CITY OF NEWARK,
DIV. OF WATER,

     Defendants.

_____

Argued August 15, 2017 — Decided August 22, 2017

Before Judges Manahan and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6777-11.

Mark Newton, appellant pro se.

Steven F. Olivo, Assistant Corporation Counsel, argued the cause for respondent (Kenyatta K. Stewar, Acting Corporation Counsel, attorney; Mr. Olivo, of counsel and on the brief.

PER CURIAM

Plaintiffs Mark Newton, Andrea Newton, Qadir Newton, and Qawi

Newton (collectively plaintiffs) appeal from a July 25, 2014 Law

Division order denying an application seeking restoration of their complaint. We affirm.

We summarize the following facts and procedural history relevant to our determination from the limited record. Plaintiffs filed the complaint on August 16, 2011, in the Law Division. The complaint was dismissed on March 2, 2012, by the Law Division's Central Processing Unit as non-conforming. Plaintiffs filed a subsequent complaint and Order to Show Cause (OTSC) on May 17, 2012, which was hand-delivered to defendant City of Newark (City). The City appeared before the court on May 18, 2012, regarding plaintiffs' complaint, specifically plaintiffs' conflict with their neighbors.[1] Consequently, the court reinstated the complaint and set the OTSC returnable on May 31, 2012.

The City filed an answer to the complaint and OTSC on May 24, 2012. On June 13, 2012, the court convened a plenary hearing, at which plaintiffs Mark Newton and Andrea Newton testified.[2] On August 24, 2012, the court denied plaintiffs' OTSC, noting in its statement of reasons that even if the allegations against defendant Newark Police Department were proven, there would be no compensable damages available to plaintiffs. When no further action was taken

---

[1] Plaintiffs no longer reside at the property.

[2] A transcript of the proceeding has not been provided to this court.

after issuance of the August 24 order, the complaint was administratively dismissed on November 3, 2012.

On November 23, 2012, plaintiffs moved to reinstate the complaint without serving the motion on the City. The court granted plaintiffs' motion on December 11, 2012. As plaintiffs did not serve the City with the order, the City did not file a responsive pleading to the reinstated complaint. This resulted in an additional administrative dismissal on April 13, 2013.

On June 13, 2013, plaintiffs again moved to reinstate the complaint. The court granted plaintiffs' motion on July 12, 2013. In an accompanying letter to plaintiffs and the City, the court stated that if plaintiffs continually failed to serve orders on opposing parties or to file proof of service pursuant to Rule 4:4-7, the complaint would be dismissed.

On October 22, 2013, plaintiffs filed a motion seeking both reinstatement of the complaint and a judgment by default pursuant to Rule 4:43-2. By letter dated November 7, 2013, the City informed the court that they never received the motion papers. The City's counsel submitted a certification in opposition to the motion stating that the City was not properly served. On November 22, 2013, the court, finding improper service by plaintiffs on the City, denied plaintiffs' motion.

On June 23, 2014, plaintiffs again moved to reinstate the complaint. On July 25, 2014, the court denied the motion. In a letter to plaintiffs and the City, the court stated that it "denied the motion because it is far from clear to the court that the [City has] been properly served." This appeal followed.

Plaintiffs raise the following arguments on appeal:

POINT I

ALL DEFENDANTS THROUGH THEIR COUNSEL NMCC CONTUMACIOUSLY REFUSED TO FILE THEIR CIVIL CASE INFORMATION STATEMENT AND ANSWER WITH THE CLERK OF THE LAW DIVISION AND FOR THIS REASON THE ADMINISTRATIVE DISMISSALS ENTERED BY THE CLERK OF THE LAW DIVISION MUST BE VACATED AND THE MATTER RESTORED TO THE ACTIVE TRIAL CALENDAR.

[A.] The Law Division Judge James Rothschild Jr. Committed Plain And Reversible Error By Deliberately And [Purposely] Refusing To Transmit Defendants' Answer To The Clerk Of The Law Division Or Otherwise Directing His Staff To File Defendants' Answer With The Clerk Of The Law Division And For This Reason The Administrative Dismissals Entered By The Clerk Of The Law Division Must Be Vacated And The Matter Restored To The Active Trial Calendar.

POINT II

DESPITE PLAINTIFFS HAVING FILED A "CERTIFICATION" PURSUANT TO R. 4:4-7 IN JUNE 2013[, CLEARLY] DEMONSTRATING THAT SERVICE OF PLAINTIFFS' COMPLAINT HAD BEEN MADE UPON DEFENDANTS[,] THE CLERK OF THE LAW DIVISION

5

CONTINUED ISSUING ORDERS THAT ADMINISTRATIVELY DISMISSED PLAINTIFFS' COMPLAINT WHICH CONDUCT FURTHER VIOLATED PLAINTIFFS' RIGHTS TO DUE PROCESS OF LAW AND FOR THIS REASON AS A MATER OF LAW[,] THE ORDER ENTERED BY THE CLERK ADMINISTRATIVELY DISMISSING PLAINTIFFS' COMPLAINT AS WELL AS THE ORDER ENTERED BY THE LAW DIVISION REFUSING TO RESTORE PLAINTIFFS' COMPLAINT MUST BE REVERSED.

> [A.] Thereafter The "Wholly Improper And Improvident Administrative Dismissal Of Plaintiffs' Complaint" In November 2013, The Clerk Of The Law Division Failed To Provide Plaintiffs With A Written Notice [Advising] Of The Dismissal Which Conduct Violated The Mandates Of R. 1:13-7(A) As Well As Plaintiffs' Rights To Due Process Of Law And For This Reason As A Matter Of Law[,] The Order Entered By The Law Division Refusing To Restore Plaintiffs' Complaint To The Active Trial Calendar Must Be Reversed.

## POINT III

THE LAW DIVISION JUDGE JAMES ROTHSCHILD JR. COMMITTED PLAIN AND REVERSIBLE ERROR BY DENYING PLAINTIFFS' APPLICATION SEEKING THE ENTRY OF A DEFAULT REGARDING ALL DEFENDANTS AND REFUSING TO REINSTATE PLAINTIFFS' COMPLAINT "NUN[C] PRO TUNC" AS A DIRECT RESULT OF JUDGE ROTHSCHILD'S REFUSAL TO TRANSMIT DEFENDANTS ANSWER TO THE CLERK OF THE LAW DIVISION FOR FILING AND DEFENDANTS' COUNSELS' CONTUMACIOUS REFUSAL TO FILE THE CASE INFORMATION STATEMENT AND ANSWER DIRECTLY WITH THE DEPUTY CLERK OF THE LAW DIVISION IN ACCORDANCE WITH R. 1:5-6(A)(1).

Having considered the record before us and in application of our standard of review, we conclude that plaintiffs' arguments lack sufficient merit as to require discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add only the following.

We review an order denying reinstatement of a complaint under the abuse of discretion standard.  Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 262 (App. Div. 2007).  While the "abuse of discretion standard defies precise definition," we may find an abuse of discretion when a decision is "made without a rational explanation, . . . rest[s] on an impermissible basis," or was "based upon a consideration of irrelevant or inappropriate factors."  Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985); State v. Baynes, 148 N.J. 434, 444 (1997)).

Rule 1:13-7(a) permits reinstatement of a complaint "on motion for good cause shown."  In Ghandi v. Cespedes, we explained:

> Good cause is an amorphous term, that is, it is difficult of precise delineation.  Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied.  Rule 1:13-7(a) is an administrative rule designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion.  Dismissals under the rule are without

prejudice. <u>R.</u> 1:13-7(a). Accordingly, the right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later.

[390 <u>N.J. Super.</u> 193, 196 (App. Div. 2007) (citations and internal quotation marks omitted).]

Here, despite being presented with the opportunity on several occasions to "cure the problem" that led to the administrative dismissals of the complaint, plaintiffs engaged in a pattern of obstinate refusal to abide by the notice requirements per <u>Rule</u> 1:6-2(a) and <u>Rule</u> 1:6-3(a)(c), and the service requirement of <u>Rule</u> 4:4-4. Further, plaintiffs chose to ignore the advisement provided by the court that their failure to abide by the notice and service requirements would continue to result in dismissal of the complaint after its reinstatement.

Given the above, we conclude that the court not only did not abuse its discretion, it exercised sound discretion in denying reinstatement of the complaint.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-0764-14T2