**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2357-16T2

SUMAR ABNATHYA and VIMAR MOORE,

    Plaintiffs,

v.

CEZSARI M. MEDLEY and GERALD DEUS,

    Defendants.

_____

GERALD DEUS,

    Plaintiff-Appellant,

v.

CEZSARI M. MEDLEY and PROGRESSIVE
DRIVE NEW JERSEY INSURANCE COMPANY,

    Defendants-Respondents.

_____

        Submitted September 25, 2017 — Decided October 10, 2017

        Before Judges O'Connor and Vernoia.

        On appeal from the Superior Court of New
        Jersey, Law Division, Essex County, Docket
        Nos. L-5738-15 and L-6072-15.

        Law Offices of Karim Arzadi, attorneys for
        appellant (Mr. Arzadi, on the briefs).

Law Office of Cindy L. Thompson, attorneys for respondent Cezsari M. Medley (Melissa A. Galante, on the brief).

Kent & McBride, PC, attorneys for respondent Progressive Drive New Jersey Insurance Company (Robert S. Florke, on the brief).

PER CURIAM

By leave granted, plaintiff Gerald Deus appeals from a September 30, 2016 order denying his motion to reinstate his complaint and a November 4, 2016 order denying his motion for reconsideration. We reverse.

I.

Following an automobile accident Deus claims caused him to sustain personal injuries, he filed a complaint on August 28, 2015, asserting a negligence claim against Cezsari M. Medley and a breach of contract claim against Deus's personal injury protection insurance carrier, Progressive Drive New Jersey Insurance Company. On March 11, 2016, the complaint was administratively dismissed as to both defendants pursuant to Rule 1:13-7(a) because Deus failed to serve defendants with a summons and complaint. Three months later in June 2016, Deus served each defendant with a summons and complaint.

In a separate lawsuit, Sumar Abnathya and Vimar Moore claimed they were injured in the automobile accident and asserted negligence claims against Deus and Medley (the Abnathya matter).

In his capacity as a defendant in the Abnathya matter, Deus was represented by an attorney different from the attorney representing him as a plaintiff in his action against Medley and Progressive. Deus's counsel in the Abnathya matter moved to consolidate the two lawsuits. Although Deus's complaint against Medley and Progressive had been dismissed, the court entered an August 5, 2016 order consolidating the lawsuits for the purpose of discovery and trial.

On September 14, 2016, Deus moved to reinstate his complaint against Medley and Progressive. In support of the motion, Deus's counsel certified that his office was unable to effect service upon Medley and Progressive prior to the administrative dismissal. Counsel also asserted that defendants had been served in June 2016 and the discovery period remained open. Counsel's assertions were uncontested. Neither Medley nor Progressive opposed Deus's motion.

In a September 30, 2016 order, the court denied Deus's motion. The order states that "[p]ursuant to R. 1:13-7, [Deus] has not presented sufficient evidence for a showing of exceptional circumstances for reinstatement beyond [ninety] days of the date of dismissal."

Deus filed a motion for reconsideration. Again, Medley and Progressive did not oppose the motion. The court denied the motion

A-2357-16T2

in a November 4, 2016 order stating Deus "failed to meet [his] burden of presenting sufficient evidence to warrant reconsideration under R. 4:49-2." This appeal followed.

## II.

"Our review of an order denying reinstatement of a complaint dismissed for lack of prosecution proceeds under an abuse of discretion standard." Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 382 (App. Div. 2011) (citations omitted); accord Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007). We are not, however, bound by the Law Division's legal conclusions or its "'interpretation of the law and the legal consequences that flow from established facts . . . .'" Alfano v. BDO Seidman, LLP, 393 N.J. Super. 560, 573 (App. Div. 2007) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Rule 1:13-7(a) is "docket-clearing rule that is designed to balance the institutional needs of the judiciary against the principle that a just result should not be forfeited at the hands of an attorney's lack of diligence." Baskett, supra, 422 N.J. Super. at 379; see also Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 267 (App. Div. 1989) (explaining Rule 1:13-7(a) is intended to "clear the docket of cases that cannot, for various reasons, be prosecuted to completion"). The Rule details the bases for an administrative dismissal of a complaint for lack of

prosecution, R. 1:13-7(a), and provides the standards and procedure for reinstatement of a complaint that has been administratively dismissed:

> After dismissal, reinstatement of an action against a single defendant may be permitted on submission of a consent order vacating the dismissal and allowing the dismissed defendant to file an answer . . . . If the defendant has been properly served but declines to execute a consent order, plaintiff shall move on good cause shown for vacation of the dismissal. In multi-defendant actions in which at least one defendant has been properly served, the consent order shall be submitted within 60 days of the order of dismissal, and if not so submitted, a motion for reinstatement shall be required. The motion shall be granted on good cause shown if filed within 90 days of the order of dismissal, and thereafter shall be granted only on a showing of exceptional circumstances.
>
> [R. 1:13-7(a).]

There is no dispute that Deus filed the motion for reinstatement more than ninety days after entry of the March 11, 2016 dismissal order. Nevertheless, Deus first contends the court erred by applying the heightened Rule 1:13-7(a) exceptional circumstances standard for multi-defendant cases in deciding the reinstatement motion. He argues that under the circumstances presented, the court should have decided his motion under the Rule's good cause standard and that good cause existed for reinstatement of the complaint. We agree.

The exceptional circumstances standard applies in multi-defendant cases "in which at least one defendant has been properly served." R. 1:13-7(a). The standard "was intended to avoid delay where a case has proceeded against one or more defendants, and the plaintiff then seeks to reinstate the complaint against a previously-dismissed additional defendant." Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 609 (App. Div. 2014) certif. denied, 221 N.J. 492 (2015); see also Pressler & Verniero, Current N.J. Court Rules, comment 1.2 on R. 1:13-7(a) (2017). The exceptional circumstances standard therefore applies in multi-defendant cases that proceed against a properly served defendant prior to the filing of a motion to reinstate a complaint that was administratively dismissed against another defendant.[1]

_____

[1]   The proper service of Medley and Progressive in June 2016 followed the administrative dismissal of Deus's complaint against them. It did not constitute the "proper service" of a defendant in a multi-defendant case requiring application of the exceptional circumstances standard under Rule 1:13-7. Proper service of Medley and Progressive was permitted prior to the filing of the reinstatement motion. See Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 264 (App. Div. 2007) (finding the purpose of Rule 1:13-7(a) is advanced when a defendant is served with the complaint prior to the filing of a reinstatement motion). Rule 1:13-7(a) can only be logically read to require application of the exceptional circumstances standard where there is proper service of a codefendant against whom the complaint has not been administratively dismissed.

Here, there are no defendants in Deus's lawsuit who were properly served and participated in the case prior to Deus's filing of the reinstatement motion. To the contrary, plaintiff moved to reinstate the complaint against the only two named defendants in the complaint,[2] Medley and Progressive, both of whom had the complaint against them administratively dismissed pursuant to Rule 1:13-7. Therefore, the court's application of the exceptional circumstances standard is not supported by the plain language of Rule 1:13-7(a), and is inconsistent with the purpose of the heightened exceptional circumstances standard.

We reject the contentions of Medley and Progressive that the exceptional circumstances standard should apply because permitting reinstatement of the complaint will substantially delay the proceedings in the consolidated case. Again, we are satisfied that application of the exceptional circumstances standard was not appropriate under Rule 1:13-7 because there were no defendants who were properly served and against whom Deus's complaint was pending when the consolidation motion was filed, and the Rule does not address consolidated cases. Moreover, the consolidation order was

---

[2] The complaint also asserted a negligence claim against fictitiously-named defendants, but the record shows those defendants were never identified or served with a summons and complaint.

not entered until August 5, 2016, and therefore Deus's filing of the reinstatement motion only four weeks later could not have substantially delayed the proceedings in the consolidated case.

Our conclusion that the trial court erred by applying the exceptional circumstances standard under the circumstances presented does not end the inquiry. We consider whether the record supports a determination that plaintiff demonstrated good cause for the reinstatement of the complaint.[3] R. 1:13-7(a).

The "good cause" standard is difficult to precisely define. "Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied." Ghandi, supra, 390 N.J. Super. at 196 (quoting Del. Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002)). Our Supreme Court has defined "good cause" as "the presence of a meritorious [claim] worthy of judicial determination . . . and the absence of any contumacious conduct . . . ." O'Connor v. Altus, 67 N.J. 106, 129 (1975).

---

[3] Under Rule 1:3-7(a) the good cause standard applies where a single defendant complaint is administratively dismissed. The good cause standard, however, has been applied to a motion to reinstate a complaint against multiple defendants. See Ghandi, supra, 390 N.J. Super. at 195-96.

In _Ghandi_, we addressed the good cause standard under _Rule_ 1:13-7(a), stating that because administrative dismissals are "without prejudice," "the right to reinstatement is ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." _Ghandi_, _supra_, 390 _N.J. Super._ at 196. We also observed that "absent a finding of fault by the plaintiff and prejudice to the defendant, a motion to restore under [_Rule_ 1:13-7(a)] should be viewed with great liberality." _Id._ at 197.

In _Baskett_, we applied the _Ghandi_ good cause standard under _Rule_ 1:13-7 to a trial court's denial of the plaintiffs' motion to reinstate a complaint. _Baskett_, _supra_, 422 _N.J. Super._ at 384-85. We observed that the plaintiffs' reasons for not exercising personal oversight of the handling of the matter were "meager and incomplete." _Id._ at 385. We were "most concerned," however, that the dismissal resulted from plaintiffs' first counsel's inattention. _Ibid._ We also noted that defendants failed to present any evidence showing they suffered prejudice from the plaintiffs' delay in seeking reinstatement. _Ibid._ We reversed the trial court's order, finding that under the "indulgence mandated by _Ghandi_," and because the plaintiffs' were "essentially blameless, the courthouse doors should not be locked and sealed

to prevent their claims from being resolved in the judicial forum."
Ibid.

Here, application of the principles in Ghandi and Baskett require reversal of the court's order denying Deus's motion to reinstate the complaint. The record does not support a finding of prejudice. Medley and Progressive did not oppose plaintiff's motion for reinstatement and did not present the motion court with any evidence showing they would be prejudiced if Deus's motion was granted. See Baskett, supra, 422 N.J. Super. at 385 (finding good cause for reinstatement of a complaint in part because the defendant did not present a "scintilla of evidence" supporting his claim of prejudice); Ghandi, supra, 390 N.J. Super. at 197 (finding court erred in denying reinstatement motion in part because the defendants failed to object to the reinstatement motion).

In the certification in support of the reinstatement motion, Deus's counsel explained that service of the summons and complaint was not timely made because his office was unable to effect service. Because the reinstatement motion was uncontested, there was no evidentiary basis before the motion court permitting a finding to the contrary.[4]  In any event, there is no evidence

---

[4] In his certification supporting the motion for reconsideration, Deus's counsel further explained that service of the summons and complaint was delayed following the administrative dismissal

A-2357-16T2

showing Deus was responsible for the delay in serving Medley and Progressive or in making the reinstatement motion. As we found in <u>Ghandi</u> and <u>Baskett</u>, under such circumstances and in the absence of any showing of prejudice, plaintiff demonstrated good cause for reinstatement of his complaint and should not be foreclosed from adjudicating his claims in court. <u>Ghandi</u>, <u>supra</u>, 390 <u>N.J. Super.</u> at 198; <u>Baskett</u>, <u>supra</u>, 422 <u>N.J. Super.</u> at 385.

We reverse the court's order denying Deus's motion to reinstate his complaint as to Medley and Progressive. It is therefore unnecessary to address Deus's appeal from the court's order denying his motion for reconsideration.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

because he was engaged in discussions and an exchange of information with Medley's insurance carrier and Progressive. This information was not before the court on Deus's motion to reinstate the complaint and we do not rely upon it in our analysis of the court's order denying the motion.

A-2357-16T2