**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4351-19

RYAN ASRI,

    Plaintiff-Appellant,

v.

WELLS FARGO DEALER
SERVICES,

    Defendant-Respondent.

_____

Argued November 15, 2021 – Decided December 3, 2021

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. DC-000616-18.

Ryan Asri, appellant, argued the cause pro se.

Greyson K. Van Dyke argued the cause for respondent (Reed Smith LLP, attorneys; Henry F. Reichner, of counsel and on the brief; Greyson K. Van Dyke, on the brief).

PER CURIAM

Plaintiff Ryan Asri appeals from a July 2, 2020 Special Civil Part order denying reinstatement of his complaint against defendant Wells Fargo Dealer Services (Wells Fargo), who financed the purchase of his vehicle. Because the court failed to provide an oral or written statement explaining its reasoning for denying plaintiff's application as required by Rule 1:7-4(a), we vacate the July 2nd order and remand for further proceedings consistent with this opinion.

As a preliminary matter, we note that the facts and procedural history detailed below are gleaned from the incomplete record provided by the parties which is missing, among other items, a copy of the underlying complaint, transcripts of relevant motion hearings, and pleadings detailing the bases for many of the applications filed with the court.

From this limited record we understand that plaintiff filed a complaint seeking approximately $5000 in damages related to alleged improper conduct committed by Wells Fargo when it sold his 2008 Hyundai Sonata at auction after plaintiff defaulted on his car loan. Prior to filing his complaint, plaintiff filed a Chapter 7 bankruptcy petition in which he claimed assets of $15,050.68 based in part on a "$50 class action settlement from Wells Fargo [D]ealer [S]ervices and a right to sue," but did not specifically identify the instant claim against Wells Fargo regarding the repossession and sale of his vehicle, nor did he list

the post-auction deficiency owed to Wells Fargo related to his Hyundai Sonata under "Schedule D: Creditors Who Have Claims Secured by Property." Despite failing to include in the record any order from the bankruptcy court, as best we can discern, plaintiff asserts his claims against Wells Fargo were not addressed by the bankruptcy court and remain viable.

Wells Fargo failed to file a timely answer to the complaint resulting in the court entering default against it. Approximately two years later, plaintiff requested that the court enter default judgment against Wells Fargo. The court denied plaintiff's application because he failed to provide proof of the amount due.

Plaintiff renewed his motion for a default judgment. While that application was pending, Wells Fargo moved to vacate the default contending plaintiff failed to serve properly the complaint as required by the Rules and also requested that the court dismiss the complaint.

It appears the court vacated the entry of default and, in a March 18, 2020 order, granted Wells Fargo's motion to dismiss. In dismissing plaintiff's complaint, the court explained that "plaintiff has not presented sufficient evidence to justify entering judgment in his favor" and "failed to satisfy his burden of proof." The record, however, does not contain a copy of the pleadings

3

in support of Wells Fargo's application, and we cannot discern the Rule or authority it relied upon in seeking dismissal. Further, the court's March 18, 2020 order does not designate if plaintiff's complaint was dismissed with or without prejudice, but a document contained in the record and prepared by the court provides that the matter was dismissed without prejudice on March 18, 2020, indicating the court's dismissal was on a non-dispositive basis.

According to Wells Fargo, plaintiff thereafter filed numerous motions and letters with the court seeking various types of relief. Among those applications was an April 13, 2020 motion for reconsideration of the court's March 18, 2020 order, which the court denied on May 19, 2020. In its statement of reasons supporting the May 19th order, the court concluded plaintiff failed to satisfy the standard for reconsideration under Rule 4:49-2, as he did not present the court with any "new evidence that would justify the court changing its previous order from March 18, 2020."[1]

Plaintiff also sought leave to file an amended complaint, but before the court could rule on that application, he filed a second motion for reconsideration

---

[1] Rule 4:49-2, however, applies only to final judgments, see Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021), not interlocutory decisions such as the March 18, 2020 order.

on May 26, 2020. The court denied the motion to amend and the second reconsideration application in a June 2, 2020 order.

On June 17, 2020, plaintiff filed a motion seeking reinstatement of his complaint which the court denied in a July 2, 2020 order. In his application, plaintiff submitted what he contended was "new evidence," including documents related to his bankruptcy petition and discharge. Plaintiff also relied upon out-of-state matters involving unrelated Wells Fargo entities, which he argued evidenced defendant's fraudulent practices. He maintained that the court's dismissal overlooked defendant's "misrepresentation of the evidence." The court denied the motion to reinstate, but as noted, its July 2nd order was not accompanied by an oral or written a statement explaining its decision.

This appeal followed in which plaintiff challenges only the July 2, 2020 order. He primarily argues that the court erred in failing to reinstate his complaint because he did not receive sufficient notice regarding the repossession and sale of his car as required by New Jersey law, and he was entitled to certain "consumer protections" never afforded to him by Wells Fargo. Specifically, plaintiff contends that after requesting information regarding a post-auction deficiency, Wells Fargo "never sent [the] requested documents, never tried to collect a balance [and] only submitted felonious documents."

Second, he disputes Wells Fargo's arguments raised before the court that he lacked standing to pursue his damages claim, and that the resolution of his bankruptcy action discharged any claims he had against Wells Fargo.

The court's failure to explain the reasons supporting its decision to deny plaintiff's motion to reinstate his complaint is inconsistent with the mandatory requirements of Rule 1:7-4(a), requiring a remand for the court to supplement the July 2, 2020 decision with a written or oral statement of reasons. Rule 1:7-4(a) provides that the court "shall . . . find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990); see also Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301 (App. Div. 2018).

The concerns expressed by the Doerfler court are particularly applicable here. As mentioned, the court resolved plaintiff's reinstatement application by issuing only the July 2, 2020 order. As it appears the court's March 18, 2020 order dismissed the complaint on a without prejudice basis, it is fair to conclude that reinstatement would have been permitted under certain circumstances. We cannot, however, discern from either the court's earlier orders, or the record

before us, if the court correctly exercised its discretion when it denied plaintiff's reinstatement application. Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 262 (App. Div. 2007) (applying an abuse of discretion standard of review for a motion to reinstate). For example, the record does not contain the materials submitted to the court in support of plaintiff's April 13, 2020 reconsideration motion, and we are therefore unable to determine if plaintiff's subsequent request for reinstatement contained different, material documents that would support reinstatement of the complaint.

In reaching this result, we stress that we are not passing upon the merits of the parties' claims or defenses, but have identified them to the best of our ability based on the record before us. Without reasons, we "are left to conjecture as to what the judge may have had in mind." See Salch, 240 N.J. Super. at 443. Nor should our opinion in any way be interpreted as a criticism of the court. We note "our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa." Doerfler, 454 N.J. Super. at 302. Thus, we remand for the motion judge to provide reasons that will aid our review of any future appeal.

We accordingly vacate the July 2, 2020 order and request the court provide a brief statement of reasons supporting that order within forty-five days. To the

extent the court denied plaintiff's reinstatement application for reasons similar to those expressed in the May 19, 2020 order denying reconsideration, the court should clearly so indicate in its written or oral decision. Appellant may submit a supplemental brief of no more than five pages within twenty days of receipt of the court's decision. Respondent likewise may submit a five-page supplemental brief within twenty days, but the court will not accept a reply brief. The clerk's office will thereafter re-calendar the appeal. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION