**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3402-23

TOORAK CAPITAL PARTNERS
LLC,

     Plaintiff-Respondent,

v.

HANOCH DOV FELDMAN,
NJ 297 RESIDENCE LLC,
NJ PROPERTIES 180 USA LLC,
NJ PROPERTIES 117 USA LLC,
345 PALISADE N G LLC, and
ELEUTHER FELDMAN,

     Defendants-Appellants.

_____

Submitted November 18, 2025 – Decided March 10, 2026

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000113-23.

Lipsky Portales, PA, attorneys for appellants (Sean M. Lipsky and Elena Portales, of counsel and on the briefs).

Offit Kurman, PA, attorneys for respondent (Thomas W. Halm, Jr., of counsel and on the brief).

PER CURIAM

Individual defendants Hanoch Dov Feldman, Eleuther Feldman,[1] and corporate defendants NJ 297 Residence LLC, NJ Properties 180 USA LLC, NJ Properties 117 USA LLC, and 345 Palisade N G LLC appeal from three orders: two orders entered on March 28, 2024, denying defendants' motion to vacate default and entering default judgment in favor of plaintiff, Toorak Capital Partners LLC, thereby voiding various property transfers; and the May 24, 2024 order, denying reconsideration of the March 28, 2024 orders. Based upon a review of the motion record and applicable law, we reverse and remand for further proceedings because the trial court improperly entered default judgment.

## I.

Eleuther owned several New Jersey limited liability companies that each owned real estate. In 2017, Eleuther transferred title to these properties to his son Hanoch, claiming the transfer occurred so that Hanoch could improve and manage the properties. In 2022, "after refinancing, renovating, and improving the [p]roperties," Hanoch transferred them back to Eleuther for nominal

---

[1] Because individual defendants share a surname, we refer to them by their first names to avoid confusion. We intend no disrespect by doing so.

A-3402-23

consideration. Plaintiff made the loans to Hanoch before the properties were transferred back to Eleuther.

On August 10, 2023, plaintiff filed a complaint alleging that Hanoch transferred four New Jersey properties to four companies owned by his father, Eleuther, in violation of New Jersey's Uniform Voidable Transactions Act (UVTA),[2] N.J.S.A. 25:2-20 to -36. The complaint referenced two separate lawsuits filed by plaintiff in New York, claiming Hanoch breached the terms of loans secured by mortgages on the New York properties. It further detailed that these loans were now in default and the subject of the foreclosure and deficiency actions pending in New York.

On October 20, 2023, the court issued a dismissal notice to plaintiff, advising that the complaint would be dismissed without prejudice on November 19, 2023, thirty days from the date of the notice, for lack of prosecution under Rule 1:13-7 or Rule 4:43-2 unless the required action was taken. On November 24, 2023, the case was dismissed because plaintiff did not submit proof of service within four months of the filing of the complaint.

---

[2] Effective August 10, 2021, the Uniform Fraudulent Transfer Act became known as the UVTA. The UVTA applies to all transactions occurring after the effective date.

A-3402-23

On December 29, 2023, plaintiff filed a motion seeking to reinstate the case and to validate the prior substituted service of process on all defendants nunc pro tunc.[3] On January 19, 2024, the unopposed motion was granted, the case was reinstated and substituted service was permitted and deemed effectuated as of the date the summons and complaint were mailed to defendants. The order included two statements regarding default: (1) "[p]laintiff shall be entitled to move to enter default upon expiration of the appropriate time period unless otherwise extended[,]" and (2) "[p]laintiff shall request entry of default if no responsive pleading is filed within [thirty-five] days of the date of service and fully comply with [Rule] 4:43-1."

The order was to be served upon the parties via "first class mail." On January 22, 2024, the reinstatement order was uploaded into the electronic court file jacket (eCourts).

On January 23, 2024, plaintiff's counsel certified that the order was sent by regular mail to defendants. That same day, plaintiff filed a request to enter default against all defendants under Rule 4:43-1. With this request, plaintiff's counsel certified that the request to enter default and supporting documentation

_____

[3] Nunc pro tunc means to have "retroactive legal effect through a court's inherent power." Black's Law Dictionary 1283 (12th ed. 2024).

A-3402-23

was mailed to defendants via regular mail. The clerk entered default against all defendants that day.

On February 20, 2024, defendants, now represented by counsel, filed a motion to vacate default and permit the filing of an answer. Defendants included with the motion a proposed contesting answer and counterclaim as required by Rule 4:43-3. On February 21, 2024, plaintiff filed a separate motion seeking to enter default judgment against all defendants. Plaintiff's counsel certified that this motion was served on defendants' counsel via "electronic mail, certified mail, return receipt requested, and regular mail."

On March 28, 2024, the trial court heard oral argument on the parties' respective default motions, denying defendants' motion to vacate default and granting plaintiff's motion to enter default judgment pursuant to Rule 4:43-2(b). In denying the motion to vacate default, the court did not find "excusable neglect," and noted that "there isn't even a suggestion" that the parties met the good cause standard. For completeness' sake, the court also rejected defendants' meritorious defense arguments. As for defendants' motion to vacate default, the court found:

> So I think it is clear to the [c]ourt and I am convinced that these parties tried to evade service of the . . . original summons and complaint. And when valid addresses were obtained, they ignored the service of the

5

motion to restore the case. And then tried to avoid or evade the jurisdiction of New York in the foreclosure action with these fraudulent transfers.

So I am granting the motion for default judgment.

Pursuant to the UVTA, the court voided and set aside various transfers of property, and enjoined defendants from encumbering or disposing of the properties.

On April 17, 2024, defendants filed for reconsideration, which the court denied on May 24, 2024. The court found no basis to reconsider its March 28, 2024 orders, explaining:

> . . . I just do not find any palpably incorrect decision by me based on the facts as they were presented, or any valid basis to support the defense argument that the judgment was void.
>
> I added the language about the effective service of process nunc pro tunc because I was mindful of the fact that there was service as far back as October on one of [] defendants. And but for the passage of time that resulted in the dismissal, [plaintiff's counsel] or someone from his firm would have filed their affidavit of due diligence and the case would have proceeded anyway. So he didn't ask for that, I added it. And that's the reason I added it.
>
> Most notably, also, when the motion to restore was filed, it's unquestioned and admitted that [] defendants had notice of it and they chose not to oppose it. That would have been the time to say, hey, wait a minute, this isn't fair; even if I attempted to file my

6

answer during the dismissal period, it might have been rejected. And that's really all that would have happened.

We don't need a retroactive reinstatement, but I did want to make sure it was understood that I found the service to be effective despite what I thought at the time were efforts by [] defendants to evade service.

. . . .

So I think, respectfully, it's disingenuous to say that they were deprived of any due process because there was only five days here or four days there between reinstatement and entry of default.

This appeal followed.

Defendants raise several points for our consideration, primarily challenging the trial court's entry of default judgment. They contend that the trial court erred because: (1) defendants' time to answer had not yet expired; (2) defendants filed a timely answer; (3) the motion to vacate default was improperly denied because defendants did not willfully default; (4) the trial court erroneously applied the excusable neglect standard; (5) plaintiff suffered no prejudice had default been vacated; and (6) defendants provided evidence of a meritorious defense. Defendant also asserts that the trial court's decision to enter final judgment voiding the alleged fraudulent transfers is contrary to binding appellate precedent.

A-3402-23

II.

"Generally, a decision to vacate a default judgment lies within the sound discretion of the trial court, guided by principles of equity." Romero v. Gold Star Distribution, LLC, 468 N.J. Super. 274, 293 (App. Div. 2021) (quoting Coryell, L.L.C. v. Curry, 391 N.J. Super. 72, 79 (App. Div. 2006)) (remaining citations omitted). We will not disturb that decision "unless it represents clear abuse of discretion." Ibid. (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). "A court abuses its discretion when its decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)) (internal quotation marks omitted).

We owe no deference to a trial court's legal determinations, reviewing de novo whether the proper legal standard was applied. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A.

We begin by addressing defendants' contentions regarding whether the trial court erred in entering default judgment. Defendants assert that default was improperly entered before their time to answer had lapsed. Rule 4:6-1 provides

defendants thirty-five days from the date of service to answer a complaint. Service effectuated by certified mail is deemed complete upon the date of acceptance of the certified mailing. R. 1:5-4(b). Rule 1:3-3 extends the time to respond to a complaint by five days when service is effectuated by regular mail. Service effectuated by both certified and regular mail is complete upon mailing of the ordinary mail. R. 1:5-4(a) and (b).

If a defendant fails to answer the complaint or the answer is stricken with prejudice, Rule 4:43-1 provides that "the clerk shall enter a default on the docket as to such party." "Our Rules prescribe a two-step default process, and there is a significant difference between the burdens imposed at each stage. When nothing more than an entry of default pursuant to Rule 4:43-1 has occurred, relief from that default may be granted on a showing of good cause." US Bank Nat'l. Ass'n v. Guillaume, 209 N.J. 449, 466-67 (2012) (citation omitted); see R. 4:43-3.

Before the complaint was dismissed for lack of prosecution pursuant to Rule 1:13-7, Hanoch acknowledged service of the complaint on November 2, 2023 and Eleuthera was served on November 16, 2023, before the complaint was dismissed. Both defendants were entitled to forty days to file an answer before default was entered. In the January 19, 2024 order reinstating the case,

the trial court deemed service on defendants sufficient as of the date of the mailing nunc pro tunc consistent with the court rules.

Because the matter was administratively dismissed on November 24, 2023, and reinstated on January 19, 2024, we next consider whether the time defendants had to serve an answer tolled during the administrative dismissal period. In support of their position that the time defendants had to respond to the complaint was tolled until the complaint was reinstated, they rely on our decision in Weber v. Mayan Palace Hotel & Resorts, 397 N.J. Super. 257, 264-65 (App. Div. 2007). In Weber, we held that a complaint may be served after a case is administratively dismissed but before it is reinstated. 397 N.J. Super. at 264. Moreover, we held that "[t]he defendant's time to answer will not begin to run until the complaint has been reinstated." Ibid. (citation omitted). Plaintiff contends that Weber is "not on point" because the factual scenario was distinguishable. We are not persuaded.

In both Weber and the present case, the matters were administratively dismissed for lack of prosecution under Rule 1:13-7. In the present case, plaintiff effectuated substituted service by regular and certified mail shortly before the case was administratively dismissed; whereas in Weber, service was effectuated during the time the matter was dismissed. Notwithstanding these

procedural differences, our holding that defendants' time to answer is tolled and does not begin to run until reinstatement applies under both factual scenarios. To short circuit the time in which a defendant is provided by court rule to file an answer offends due process. See Doe v. Poritz, 142 N.J. 1, 106 (1995) ("Fundamentally, due process requires an opportunity to be heard at a meaningful time and in a meaningful manner.")

Thus, Hanoch had until February 4, 2024, to file an answer, and Eleuther had until February 20, 2024. After reinstating the case on January 19, 2024, default was entered on January 23, 2024—well before defendants' deadline to file an answer. Because defendants had additional time in which to file an answer to the complaint, the clerk's entry of default was erroneous. Cf. Midland Funding LLC v. Albern, 433 N.J. Super. 494, 499 (App. Div. 2013).

## B.

We turn next to defendants' contentions that the trial court erred by not vacating default because they had filed a timely answer and because the court erroneously applied the incorrect legal standard to defendants' motion to vacate default. Based on our review of the record and the governing legal standards,

11

we are satisfied the trial court erred in not granting defendants' motion to vacate default.

A motion to vacate default need not meet "the more stringent requirements of [Rule] 4:50-1 for setting aside a default judgment." O'Connor v. Altus, 67 N.J. 106, 129 (1975) (citations omitted). "[O]nly a 'mere showing of good cause is required for setting aside an entry of default.'" N.J. Div. of Youth & Family Servs. v. M.G., 427 N.J. Super. 154, 171 (App. Div. 2012) (quoting N.J. Mfrs. Ins. Co. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 360 (App. Div. 2009)). By contrast, "[a] motion to set aside a default judgment will not be granted unless the movant shows . . . that there is a meritorious defense." Ibid. (citing Marder v. Realty Const. Co., 84 N.J. Super. 313 (App. Div. 1964); R. 4:50-1).

The "good cause" standard "requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the [c]ourt [r]ule being applied." Del. Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002). Moreover, courts must be mindful of the "strong preference for adjudication on the merits rather than final disposition for procedural reasons." Midland Funding, 433 N.J. Super. at 499 (quoting Galik v. Clara Maass Med. Ctr., 167

N.J. 341, 356 (2001)). Therefore, "an application to vacate default 'should be viewed with great liberality and every reasonable ground for indulgence is tolerated to the end that a just result is reached.'" N.J. Div. of Youth & Family Servs. v. P.W.R., 410 N.J. Super. 501, 508 (App. Div. 2009) (quoting Marder, 84 N.J. Super. at 319).

Defendants complied with Rule 4:43-3 by attaching a contesting answer and counterclaims to their motion to set aside default which they filed on February 20, 2024. The trial court offered reasons for denying the motion to vacate default, finding no excusable neglect or meritorious defense. Although noting the lower good cause standard of Rule 4:43-3, the court stated, "there isn't even a suggestion that . . . these parties met that standard." This conclusion is based on the more stringent standard; and therefore, misstates the applicable law under these circumstances.

C.

Defendants initially argue that the trial court erred in entering final judgment against them and voiding and setting aside the transfers of the New Jersey properties because the law prohibits the issuance of a final judgment until a creditor's monetary claim has been reduced to judgment. Deerhurst Estates v. Meadow, 70 N.J. Super. 404, 409 (App. Div. 1961). We decline to address this

contention for two reasons. First, arguments not raised before the trial court will generally not be considered on appeal. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). We "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions [] raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

Defendants acknowledge that this argument is being raised for the first time on appeal although they contend it involves a matter of great public importance. We are not persuaded that the matter is of such great public interest that we should consider it. However, because we conclude that the trial court improperly entered default judgment and the matter is being remanded for further proceedings, we need not reach the merits of this belated contention.

In sum, default judgment must be predicated on the valid entry of default which did not occur in this case. See Clark v. Pomponio, 397 N.J. Super. 630, 641-42 (App. Div. 2008). Further, the court incorrectly applied the more stringent legal standard of Rule 4:50-1(a) to the facts of this case instead of the less stringent requirement of good cause. Therefore, we hold that the court

A-3402-23

mistakenly exercised its discretion by denying defendants' motion to vacate the entry of default.

As a result, we need not address the trial court's denial of the motion to reconsider that ruling. Accordingly, we reverse the trial court's denial of the motion to vacate entry of default and vacate both the entry of default and the judgment of default. R. 4:43-2. We remand for the prompt filing of defendants' responsive pleading and further proceedings. See O'Connor, 67 N.J. at 129; Midland, 433 N.J. Super. at 499.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division