**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5697-16T4

JEFF RANDALL,

    Appellant,

v.

BOARD OF REVIEW and
D&C TIRE PROS, INC.,

    Respondents.

_____

        Submitted July 24, 2018 — Decided  August 15, 2018

        Before Judges Ostrer and Vernoia.

        On appeal from the Board of Review, Department
        of Labor, Docket No. 113,578.

        Jeff Randall, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney
        for respondent Board of Review (Melissa Dutton
        Schaffer, Assistant Attorney General, of
        counsel; Jessica M. Saxon, Deputy Attorney
        General, on the brief).

        Respondent D&C Tire Pros, Inc. has not filed
        a brief.

PER CURIAM

    Claimant Jeff Randall appeals from a July 28, 2017 Board of

Review final decision affirming Appeal Tribunal (Tribunal) decisions dismissing his appeal from a disqualification from unemployment compensation benefits and denying his request to vacate the dismissal. We vacate the Board's final decision, and remand for a determination of whether claimant's appeal should be reinstated under N.J.A.C. 1:12-14.4(b).

In January 2017, claimant filed an application for unemployment benefits. The Deputy Director found claimant was disqualified from receiving benefits between January 22, 2017 and March 18, 2017, because he was discharged from employment with D&C Tire Pros, Inc. for simple misconduct connected with the work.[1]

Following his appeal of the determination, claimant received a "Notice of Phone Hearing" scheduling a telephonic hearing before Appeal Tribunal Hearing Examiner William Scaglione at 9:00 a.m. on April 6, 2017. The notice also stated that:

> Unlike the Unemployment fact-finding interview, the Office of Benefit Appeals <u>WILL NOT INITIATE A CALL TO YOU UNLESS YOU HAVE REGISTERED FOR THE HEARING</u> AS INSTRUCTED ABOVE. So, please remember to REGISTER NO LATER THAN 3:00 P.M., EST, ON THE BUSINESS DAY PRIOR TO YOUR SCHEDULED HEARING BEFORE THE APPEAL TRIBUNAL.
>
> Your appeal may be dismissed or you may be denied participation in the hearing if you fail, without good cause, to follow the instructions contained in this notice.

---

[1] D&C Tire Pros, Inc. did not participate in this appeal.

Claimant received the notice, and sent a letter to the Hearing Examiner addressing the merits of his unemployment compensation claim and stating he would "speak with [the Hearing Examiner] on April 6th." Claimant did not, however, call and register for the hearing as the notice directed.

As a result of claimant's failure to call and register, no hearing was conducted. In a decision mailed on April 7, 2017, the Tribunal dismissed the appeal because claimant failed to register and appear for the hearing. The Tribunal determined that "[t]he reason provided by . . . claimant" — that "he failed to thoroughly read the notice and note the established deadline for registration" — "does not constitute good cause for his failure to register for the hearing as instructed."

On April 12, 2017, claimant submitted a written request for a new hearing. He asserted that he sent a letter confirming he would speak to the Hearing Examiner at the hearing, made a mistake by failing to register, and was available and waiting for a phone call for the hearing at the scheduled time. He stated that when he did not receive the phone call, he called but the appeal was dismissed. He further argued he was disqualified for benefits based on his former employer's false allegation he was discharged for misconduct. He requested that the Tribunal "reopen its

[d]ecision" and grant another hearing.

The Tribunal issued an April 26, 2017 order denying claimant's request. The Tribunal determined claimant failed to demonstrate good cause for his failure "to participate in the duly scheduled hearing on" April 6, 2017. Claimant appealed to the Board.

In its final decision, the Board determined claimant failed to participate in the scheduled Tribunal hearing, and did not demonstrate good cause for his failure to do so. The Board also concluded the Tribunal did not abuse its discretion by denying claimant's request to reopen the hearing, and affirmed the Tribunal's decisions dismissing claimant's appeal and denying his request for another hearing. This appeal followed.

On appeal, claimant argues:

> [POINT I]
>
> [CLAIMANT] SHOULD NOT HAVE BEEN DENIED BENEFITS INITIALLY BECAUSE OF LIES TOLD BY [HIS] FORMER EMPLOYER . . . AND THEN SHOULD NOT HAVE BEEN DENIED . . . APPEAL BECAUSE OF ONE SIMPLE ERROR ON THE [CLAIMANT'S] PART HAVING NOT MADE THE CALL TO REGISTER . . . . ALL OTHER INSTRUCTIONS HAVE BEEN FOLLOWED AND THE [CLAIMANT] SHOULD RECEIVE THE UNEMPLOYMENT BENEFITS FOR THE SHORT TIME UNEMPLOYED . . . .

In an appeal from an order of the Board denying unemployment compensation, our review "is limited to determining whether the agency acted arbitrarily, capriciously, or unreasonably." Lourdes

4                                                          A-5697-16T4

Med. Ctr. of Burlington Cty. v. Bd. of Review, 197 N.J. 339, 360 (2009); accord Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). To determine whether an agency's decision is arbitrary, capricious or unreasonable, we consider the following "key determinations:"

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

The Board first determined claimant's appeal was properly dismissed because he did not establish good cause for his failure to register for, and appear at, the Tribunal hearing. Dismissal of an appeal for nonappearance of a claimant is expressly authorized by N.J.A.C. 1:12-14.4(a), which provides that "[i]f the appellant fails to appear for a hearing before an appeal tribunal, the appeal tribunal may proceed to make its decision on the record or may dismiss the appeal on the ground of nonappearance unless

it appears that there is good cause[2] for adjournment."[3]

The record shows claimant received notice of the hearing, was advised of the registration requirements for his participation and failed to comply with those requirements. He presented no evidence there was good cause for his failures. He claims only that he made a mistake, but offers no cause for it. Based on that record,

---

[2] The regulations do not expressly define what constitutes "good cause" under N.J.A.C. 1:12-14.4(a). In a related context, however, the regulations define "good cause" for permitting the filing of a late appeal from a denial of unemployment compensation benefits. N.J.A.C. 12:20-3.1(i) provides:

> A late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:
>
> 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

Claimant makes no showing his failure to register for the hearing was due to circumstances beyond his control or "which could not have been reasonably foreseen or prevented." N.J.A.C. 12:20-3.1(i)(2).

[3] The plain language of N.J.A.C. 1:12-14.4(a) does not limit its application to a circumstance where a claimant requests an adjournment in advance of a hearing. The regulation also applies where, as here, a claimant "fails to appear for a hearing before an appeal tribunal," and the Board is required to determine if there is "good cause" excusing the nonappearance and precluding "dismiss[al of] the appeal on the ground of nonappearance."

there is no basis to conclude the Board's finding that claimant's apparent lack of diligence and attention does not establish good cause for an adjournment is arbitrary, capricious or unreasonable. Thus, the Board's decision was supported by the evidence, consistent with N.J.A.C. 1:12-14.4(a), and reasonably made based on the relevant factors. See Circus Liquors, Inc., 199 N.J. at 10.

The Board erred as a matter of law, however, in its determination that claimant's failure to establish good cause for an adjournment under N.J.A.C. 1:12-14.4(a) required rejection of claimant's request for the reopening of the Tribunal hearing. Where an appeal is dismissed due to nonappearance pursuant to N.J.A.C. 1:12-14.4(a), a claimant is entitled to have the dismissal "set aside" if he or she satisfies the requirements of N.J.A.C. 1:12-14.4(b). The regulation, which is not cited by the Tribunal or the Board in their respective decisions, or by the Board in its brief on appeal, provides:

> (b) If an appeal tribunal issued an order of dismissal for nonappearance of the appellant, the chief appeals examiner shall, upon application made by such appellant, within six months after the making of such order of dismissal, and for good cause shown, set aside the order of dismissal and shall reschedule such appeal for hearing in the usual manner. An application to reopen an appeal made more than six months after the making of such order of dismissal may be granted at the discretion

of the chief appeals examiner.

[N.J.A.C. 1:12-14.4(b).]

The regulation provides relief for a claimant whose appeal is dismissed due to nonappearance and failure to demonstrate good cause for adjournment under N.J.A.C. 1:12-14.4(a). Relief under the regulation is mandatory where a claimant makes the required showing of good cause. See N.J.A.C. 1:12-14.4(b) (providing that the dismissal "shall . . . for good cause shown . . . be set aside . . . .").

Whether good cause exists under N.J.A.C. 1:12-14.4(b) to set aside a dismissal for nonappearance entered pursuant to N.J.A.C. 1:12-14.4(a) requires an assessment wholly different than that required for a determination of good cause for an adjournment under N.J.A.C. 1:12-14.4(a) in the first instance. If the good cause standards were the same, a claimant against whom a dismissal was ordered pursuant to N.J.A.C. 1:12-14.4(a) could never have it set aside under N.J.A.C. 1:12-14.4(b) because the absence of good cause permitting dismissal of the appeal under N.J.A.C. 1:12-14.4(a) would necessarily preclude relief from a dismissal under N.J.A.C. 1:12-14.4(b). "We interpret a regulation in the same manner that we would interpret a statute," U.S. Bank, N.A. v. Hough, 210 N.J. 187, 199 (2012), and will not adopt an interpretation "so as to produce an unreasonable or absurd result,"

8                                                          A-5697-16T4

In re Application of Boardwalk Regency Corp. for Casino License, 180 N.J. Super. 324, 345 (App. Div. 1981).

Although not characterized as such, claimant's request for a reopening of the hearing constituted a request to vacate the dismissal and grant a new hearing pursuant to N.J.A.C. 1:12-14.4(b). In its denial of claimant's request, however, the Tribunal[4] and Board rejected the request because claimant failed to demonstrate good cause for an adjournment under N.J.A.C. 1:12-14.4(a). Although we generally defer to an agency's interpretation of a regulation within its sphere of authority, we owe no deference where, as here, the Board relied on an interpretation of the good cause standard under N.J.A.C. 1:12-14.4(b) that is "plainly unreasonable." Hough, 210 N.J. at 200 (citation omitted).

The appropriate inquiry for the Tribunal and Board in their consideration of claimant's request for a new hearing was whether there was good cause to vacate the dismissal under N.J.A.C. 1:12-14.4(b). The regulation does not define good cause but, in an analogous context, we have observed that "'[g]ood cause' is an amorphous term, that is, it 'is difficult of precise delineation.

---

[4] N.J.A.C. 1:12-14.4(b) requires that the chief appeals examiner decide whether to set aside a dismissal made pursuant to N.J.A.C. 1:12-14-4(a). The record presented is unclear whether the chief appeals examiner considered and decided respondent's request. On remand, the chief appeals examiner shall consider and decide the request in the first instance.

Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the [rule] being applied.'" Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007) (quoting Delaware Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002)) (interpreting Rule 1:13-7(a), which permits reinstatement of a civil complaint dismissed for lack of prosecution upon a showing of "good cause").[5]

---

[5] To determine whether there is good cause for reinstatement of a civil complaint under Rule 1:13-7(a), we consider the fault of the plaintiff, whether there was prejudice to the defendant, the length of the delay in moving for reinstatement and the policy underlying the reinstatement rule. See, e.g., Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 608-09 (App. Div. 2014); Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 384-85 (App. Div. 2011); Weber v. Mayan Palace Hotel, 397 N.J. Super. 257, 264 (App. Div. 2007); Ghandi, 390 N.J. Super. at 197-98. We offer no opinion whether the same considerations should govern the Board's interpretation of N.J.A.C. 1:12-14.4(b)'s good cause standard, but observe that although the dismissal was claimant's fault, he forwarded materials in support of his claim in advance of the hearing, advised he would discuss the matter with the Hearing Examiner at the scheduled hearing and his failure to make the registration call was the result of a mistake. Moreover, claimant immediately filed his request to vacate the dismissal and the record is devoid of any evidence the Board or claimant's employer would have been prejudiced if the dismissal order was vacated. Last, N.J.A.C. 1:12-14.4(b) permits reinstatement of a claim dismissed due to nonappearance and, therefore, such dismissals are without prejudice. N.J.A.C. 1:12-14.4(b)'s mandate that such dismissals shall be vacated where good cause is shown is consistent with the policy underlying New Jersey's Unemployment Compensation Law, N.J.S.A. 43:21-1 to -56 (the Act): to "provide some income for the worker earning nothing, because he is out of work through no fault or act of his own." Brady, 152 N.J. at 212 (quoting

In any event, the Appeal Tribunal and Board mistakenly applied N.J.A.C. 1:12-14.4(a)'s good cause standard in its determination of good cause under N.J.A.C. 1:12-14.4(b), and therefore did not consider or interpret the applicable good cause standard, or apply it to claimant's request to vacate the dismissal order.[6] We defer to an agency's interpretation of its regulations "because 'a state agency brings experience and specialized knowledge to its task of administering and regulating a legislative enactment within its field of expertise.'" Hough, 210 N.J. at 200 (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254,

_____

Yardville Supply Co. v. Bd. of Review, 114 N.J. 371, 375 (1989)). In determining the good cause standard under N.J.A.C. 1:12-14.4(b), the Board should consider that "to further [the Act's] remedial and beneficial purposes . . . the [Act] is to be construed liberally in favor of allowance of benefits." Lourdes Med. Ctr., 197 N.J. at 364 (second alteration in original) (quoting Utley v Bd. of Review, 194 N.J. 534, 543 (2008)).

[6] N.J.A.C. 1:12-14.4 became effective on August 1, 1994, 26 N.J.R. 3154-56 (Aug. 1, 1994), and was readopted effective on July 29, 1999, 31 N.J.R. 2603(a) (Sept. 7, 1999). At the time of its next readoption in 2005, 37 N.J.R. 1015(b) (Apr. 4, 2005), the Department of Labor and Workplace Development responded to a comment suggesting the regulation should be amended "to limit the rescheduling or reopening of an appeal after a failure to appear to one time, given that a valid reason for the nonappearance is provided." Noting "N.J.A.C. 1:12-14.4(b)[] provides that a hearing may be rescheduled after a failure to appear only for 'good cause shown,'" the Department disagreed with the suggested amendment, stating that "limiting the number of times a matter may be rescheduled without regard to the surrounding circumstance[s] may be arbitrary." Ibid. (emphasis added). The regulation was readopted in 2011, 43 N.J.R. 1861(a) (Aug. 1, 2011), and again in 2018, 50 N.J.R. 1477(a) (July 2, 2018).

262 (2010)). We are therefore convinced the appropriate remedy is to vacate the Board's final decision, and remand the matter for reconsideration of respondent's request to set aside the dismissal order under N.J.A.C. 1:12-14.4(b).[7] On remand, claimant and the employer shall be permitted to offer argument concerning N.J.A.C. 1:12-14.4(b)'s good cause standard and evidence relevant to claimant's request to set aside the dismissal order.

Vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] N.J.A.C. 1:12-14.4(b) requires that the chief appeals examiner decide whether to set aside a dismissal made pursuant to N.J.A.C. 1:12-14-4(a). The record presented is unclear whether the chief appeals examiner considered and decided respondent's request. On remand, the chief appeals examiner shall consider and decide the request in the first instance.

A-5697-16T4